# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**SYBIL McDOWELL,**

        **Plaintiff,**

**v.**                                          **Case No. 1:03-cv-361**

                                                   **Judge Thomas M. Rose**

**GENERAL ELECTRIC PENSION PLAN,**

        **Defendant.**

---

### ENTRY AND ORDER GRANTING JUDGMENT TO DEFENDANT ON PLAINTIFF'S COMPLAINT, (DOC. 17), AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (DOC. 16).

---

      This matter is before the court for decision following a review of an administrative record as provided by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Plaintiff, Sybil McDowell, was injured in a work related car accident on August 15, 1989. The question before the court is whether the defendant, General Electric Pension Plan, arbitrarily determined that McDowell was able, according to medical diagnoses, to work as an engineer for General Electric.

## I.    Background

      This is an action to recover disability retirement benefits under the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 U.S.C. § 1132, from the General Electric Pension Plan. Plaintiff Sybil McDowell alleges that Defendant, General Electric Pension Plan, wrongfully denied disability benefits due to

1

her under the General Electric employee benefit plan, thereby stating a claim under ERISA.  (Doc. 1.)  Defendant, General Electric Pension Plan, has denied any liability to McDowell.  (Doc. 5.)  Cross-motions for summary judgment, as well as responses were filed.  (Docs. 16, 17, 20, 21.)

McDowell began working for General Electric in May of 1972 as a Value Engineer for General Electric Aircraft.  (GE0050, Pl.'s Exhibit 6.)  As a Value Engineer, McDowell was expected to expend approximately forty percent of her time moving between buildings, where she would attend meetings with other General Electric personnel, review drawings, and inspect jet engines, which required her to climb. (GE0022, Doc. 17-7.)  In addition, approximately twenty percent of her time was spent in travel, in order to tour various supplier plants, inspect manufacturing equipment, and lift and handle various hardware and tooling.  (*Id.*)

In August of 1989, McDowell was injured in a work related car accident in which she suffered neck and cervical injuries.  (GE00104, Pl.'s Exhibit 2.)  Her last day of work was in September of 1989, and her employment was terminated on March 13, 1991. (GE0050, Pl.'s Exhibit 6.)

In May of 1990, McDowell applied for benefits through the Social Security Administration (hereinafter referred to as "SSA"), where her initial claim was denied. (Doc. 16-1.)  McDowell appealed the decision, and on November 22, 1991, after two hearings, she was awarded benefits by the SSA.  (GE 0102, Pl.'s Exhibit 2.)  The SSA determined that McDowell had been disabled from performing her regular job as an engineer since the August of 1989 accident.  (GE 0105-06, Pl.'s Exhibit 2.)  In addition, the Administrative Judge found that McDowell was not obligated to find substitute work,

as it could not be shown through the administrative proceedings that vocations other than engineering existed which she could perform with her impairments. (*Id*.)

In September of 1990, McDowell applied for a disability retirement through the General Electric Pension Plan. (GE0050, Pl.'s Exhibit 6.) On October 22, 1991, the Pension Board rejected McDowell's application for benefits. (*Id*.) McDowell was informed on December 5, 1991, that she was denied benefits because she did not meet the eligibility requirements for a disability pension under the General Electric Pension Plan. (GE0042-0044, Pl.'s Exhibits 1 and 3.) McDowell appealed the Pension Board's decision, and her appeal was denied in May of 1993. (GE0070, Pl.'s Exhibit 10.) The Pension Board found insufficient evidence of physical or mental impairment such as to render McDowell incapable of performing her regular job as an engineer. (GE0070, Pl.'s Exhibit 10.)

In December of 1995, the SSA found that McDowell's total and permanent disability as initially found in 1991 was continuing. (GE0244, Pl.'s Exhibit 16.) McDowell sought to renew her request for disability retirement benefits from the General Electric Pension Plan in December of 1998. (GE00072, Pl.'s Exhibit 11.) On October 9, 2000, McDowell's request was again denied by the General Electric Pension Plan, which found: (1) evidence lacked to support the assertion that McDowell suffered from a psychiatric disorder that would render her unable to perform her work, and (2) there was "accommodated work" available to McDowell. (GE0006, Pl.'s Exhibit 17.) On December 21, 2000, McDowell was notified that her appeal was denied. (GE0253, Pl.'s Exhibit 19.)

3

On February 19, 2001, McDowell appealed the General Electric Pension Plan's decision. (GE0257, Pl.'s Exhibit 21.) On June 26, 2001, McDowell's claim was denied. (GE0272, Pl.'s Exhibit 23.) After McDowell exhausted her appeals, she proceeded with this action in June of 2003.

## II.     Standard of Review

In adjudicating the merits of an ERISA action seeking to recover ERISA benefits, this court must conduct a de novo review based solely upon the administrative record, "unless the benefit plan gives the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *MacDonald v. Western-Southern Life Ins. Co.*, 347 F.3d 161, 168 (6th Cir. 2003) (*citing Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 613 (6th Cir. 1998)); *See also Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). When a plan administrator has discretionary authority to determine benefits, this Court must review the decision to deny benefits under the arbitrary and capricious standard of review. *MacDonald*, 347 F.3d 161 at 168-169 (*citing Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir. 1996).

In this particular instance, the General Electric Pension Plan provided the General Electric Pension Board with complete discretion to determine whether an employee is permanently disabled within the meaning of the General Electric Pension Plan. (GE0335 at Section VII.1):

> [t]he decision of the Pension Board, as to the existence of a disability shall, when supported by the certification of a physician selected by the Pension Board, be final and conclusive.

(Doc. 17-2, GE0335 at Section VII.1.)  In addition, the General Electric Pension Board has the authority to approve disability applications, make and enforce rules governing the administration of the General Electric Pension Plan and has broad discretion to determine eligibility for benefits and construe the terms of the General Electric Pension Plan. (GE0369-0370.)  Since the plan grants discretion to the General Electric Pension Board in reviewing claims, this Court will only change the decisions made by the General Electric Pension Board if they are arbitrary and capricious.

The Sixth Circuit has instructed that when applying arbitrary and capricious review "courts must decide whether the plan administrator's decision was rational in light of the plan's provisions."  *MacDonald*, 347 F.3d 161 at 169.  Thus, if this Court is able, based on the evidence, to make a reasoned explanation for the General Electric Pension Board's decision regarding McDowell, that outcome is not arbitrary and capricious.  (*Id.*)

## III.    Analysis

Pending before this Court are cross-motions for judgment on the record, (Docs. 16, 17.)  Plaintiff filed a motion for summary judgment, (Doc. 16), and Defendant filed a motion for judgment as a matter of law.  (Doc. 17.)  Under the arbitrary and capricious standard of review, McDowell will only be able to prevail if General Electric Pension Board was arbitrary and capricious both in deciding that her claim should be denied because she was capable of performing her occupation as a Value Engineer and in declining to follow the determination of the SSA.

**A.    General Electric Pension Board was not arbitrary or capricious in deciding that McDowell's claim should be denied because she was capable of performing her occupation as a Value Engineer.**

General Electric Pension Plan was not arbitrary or capricious in its determination that McDowell was capable of performing her occupation as a Value Engineer. According to the terms of the General Electric Pension Plan, McDowell carried the burden of establishing that she was permanently incapacitated for work as a Value Engineer for General Electric.  The General Electric Pension Plan provided that in order for an employee to be eligible for disability benefits, that employee must be: (1) disabled and permanently unable to perform his or her present job; and (2) not reasonably fitted by education, training or experience for any other available General Electric job.  (Def.'s Ex. 4 at p. 79.)

While McDowell does point to some medical records submitted by her treating physician, Dr. Warncke, the overwhelming medical evidence that was before the General Electric Pension Board indicated that McDowell was able to resume her work as a Value Engineer for General Electric and also specified that she was not permanently disabled. (GE0136-0139, GE0169, GE0217-0222, GE0223.)  Physicians provided by the General Electric Pension Board to determine whether McDowell was permanently disabled conducted four separate and independent examinations.  (*Id.*)  After reviewing the records and opinions rendered during the separate medical examinations, the General Electric Pension Board found that McDowell was not permanently incapacitated for work as a Value Engineer.  (GE0.044-45.)  McDowell was not permanently disabled within the meaning of the General Electric Pension Plan, and the medical records indicated that she was capable of working her regular job as a Value Engineer.  (*Id.*)

According to the four independent physicians examining McDowell, she was capable of performing her job as a Value Engineer.  In addition, the medical records

before the General Electric Pension Board indicated that McDowell was advised several times to return to work.  (GE0136-0139, GE0169, GE0217-0222, GE0223.)  McDowell's treating physician, Dr. Warncke, stated that her condition was not disabling or permanent.  (GE0164-164, GE0277-278.)  Even plan administrators are free to accept or reject the opinion of a treating physician, as long as they do not arbitrarily refuse to credit any reliable evidence.  *See Black & Decker Disability Plan v. Nord*, 123 S. Ct. 1965, 1972 (2003).

The overwhelming majority of medical evidence before the General Electric Pension Board indicated that McDowell was able to return to work.  As a result, General Electric Pension Board was not arbitrary or capricious in deciding that McDowell's claim for permanent disability was denied, because several different medical examinations resulted in a finding that she was capable of performing her regular job as a value engineer.

**B.    General Electric Pension Board was not arbitrary or capricious in declining to follow the determination of the SSA.**

The General Electric Pension Board's decision to deny McDowell disability benefits under its Pension Plan was not arbitrary or capricious.  In addition, the General Electric Pension Board was not obligated to follow any decision rendered by the SSA.

McDowell submits that the General Electric Pension Board erred in declining to follow the SSA's decision, which had determined she was permanently disabled, and subsequently awarded her disability benefits.  Both McDowell and the General Electric Pension Board submit that McDowell was disabled within the meaning of the SSA Regulations.  However, this Court is not obligated to compare the language of the SSA Regulations with the General Electric Pension Plan. *See Black & Decker Disability Plan*,

7

123 S. Ct. at 1971.  In addition, the General Electric Pension Board was not obligated to render a decision awarding disability benefits to McDowell based upon a prior decision given by the SSA awarding her benefits.  (*Id*. at 1971-1972.)  To the contrary, the United States Supreme Court found that employers have flexibility to design disability plans as they see fit, and has acknowledged that SSA Regulations for disability may differ greatly from the pension plans of other administrators.  (*Id*.)

The General Electric Pension Board was not required to give weight to any decision previously rendered by the SSA.  It was acceptable for the Board to render a decision based upon the medical records before it that were submitted by McDowell.  As a result, General Electric Pension Board was not arbitrary or capricious in deciding not to award McDowell disability benefits based upon the record before them.

## IV.    Conclusion

Because the General Electric Pension Board did not arbitrarily and capriciously determine that McDowell was ineligible for disability benefits under the General Electric Pension Plan, as she was not permanently disabled, the Court **GRANTS** Defendant's Motion for Judgment as a Matter of Law, (Doc. 17), and **DENIES** Plaintiff's Motion for Summary Judgment.  (Doc. 16.)

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, August 23, 2005.[1]

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1]  The Court acknowledges the valuable contribution and assistance of judicial intern Jamielynne Jenkins in drafting this opinion.

8